**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SONY INTERACTIVE ENTERTAINMENT
LLC,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

Case No. 1:26-cv-04430
Judge Thomas M. Durkin
Magistrate Judge Laura K. McNally

**DEFENDANT FINDUAT'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM AND IMPROPER JOINDER**

Defendant Finduat (Seller Alias: Finduat), by and through undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21 to dismiss Plaintiff's claims with prejudice, or alternatively without prejudice. In support, Defendant states:

**I. INTRODUCTION**

Plaintiff seeks to enjoin and seize assets from hundreds of unrelated Amazon sellers based on a single stylized "X" button-layout trademark (U.S. Reg. No. 5,748,316). Defendant sells inexpensive silicone keychain pendants shaped like generic video game controllers — novelty party favors, not functional gaming hardware. Plaintiff cannot state a plausible claim for trademark infringement, and the mass joinder of unrelated defendants is improper.

**II. STATEMENT OF FACTS**

Page 1 of 5

Defendant's product is a silicone keychain pendant sold for approximately $1.29. It is marketed as a party favor and has no functional connection to PlayStation consoles or controllers. See screenshots attached as Exhibit A (Amazon listing titled "Finduat 10 Pcs Video Game Controller Handle Keychains for Party Favors Pendant...").

Plaintiff's asserted mark is narrowly registered for hand-held games, video game consoles, game controllers, and accessories exclusively used with such hardware. Novelty keychains fall far outside this scope.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In trademark cases, "[t]o prevail on a Lanham Act claim, a plaintiff must establish that (1) her mark is protectable, and (2) the defendant's, use of the mark is likely to cause confusion among consumers." *See*, e.g., *Packman v. Chicago Tribune Co.*, 267 F.3d 628 (7th Cir. 2001), citing *Eli Lilly,* 233 F.3d at 461.

### IV. ARGUMENT

**A. Plaintiff Fails to State a Claim for Trademark Infringement (Rule 12(b)(6))**

Plaintiff cannot satisfy the essential elements of a Lanham Act claim:

**1. No Valid and Protectable Mark Covering Defendant's Goods**

The registered mark is limited to gaming hardware and accessories. Defendant's novelty keychains are not "parts and accessories exclusively used with hand-held games" or consoles. See Complaint, Exhibit 1 (goods identification). Plaintiff's mark does not reach ornamental party favors.

### 2. Functionality Doctrine Bars Protection

The arrangement of buttons ($\triangle$ □ ○ ×) is functional — it identifies gameplay inputs. Functional features cannot be protected as trademarks. *In re Morton-Norwich Prods., Inc.*, 671 F.2d 1332 (CCPA 1982)("Thus, it was long the rule that a trademark must be something other than, and separate from, the merchandise to which it is applied."); also see *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001)(trade dress primarily dictated by function is not protectable). Plaintiff cannot monopolize basic controller button designs on novelty items.

### 3. No Likelihood of Confusion

Applying the Polaroid factors (adapted in the Seventh Circuit), there is no plausible likelihood of confusion:

- Strength of Mark: Weak when applied to ornamental keychains.

- Similarity of Goods: Official PlayStation controllers vs. cheap silicone party pendants.

- Degree of Care: Consumers buying $1.29 keychains exercise low care and expect no affiliation with Sony.

- Actual Confusion: None alleged or plausible.

- Marketing Channels: Novelty party favors vs. premium gaming hardware.

No reasonable consumer would believe Defendant's keychains are sponsored by or affiliated with Sony PlayStation.

### B. Improper Joinder (Rule 21)

Plaintiff has joined hundreds of unrelated Amazon sellers in a single action. There is no allegation that these defendants acted in concert or as part of the same transaction. Such shotgun pleading violates Fed. R. Civ. P. 20(a)(2) (requiring same transaction/occurrence and common questions of law or fact). Misjoinder is rampant in Schedule A cases and warrants severance or dismissal of unrelated defendants.

### V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Grant this Motion and dismiss all claims against Defendant with prejudice; or

2. In the alternative, dismiss without prejudice and grant leave to replead; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Attorney for Defendant Finduat
Dated: May 22, 2026

### CERTIFICATE OF SERVICE

I certify that on May 22, 2026, a copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu