**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC,<br>Plaintiff,<br><br>v.<br><br>2ND LIFE, et al.,<br><br>Defendants. | Case No. 26-cv-04430<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Laura K. McNally** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER JOINDER**

Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") submits this Response in Opposition to Defendant Finduat's ("Defendant") Motion to Dismiss for Failure to State a Claim and Improper Joinder [48] (the "Motion").

Defendant's Motion should be denied. Plaintiff's Complaint properly states a claim for federal trademark infringement and counterfeiting and false designation of origin against Defendant. Misjoinder is also not a ground for dismissal. Regardless, joinder is proper under Fed. R. Civ. P. 20.

## BACKGROUND

### I. THE PARTIES

#### A. Plaintiff

SIE, together with Sony Interactive Entertainment Inc. ("SIE Inc."), is one of the global leaders in video game and entertainment responsible for developing the internationally recognized PlayStation® brand and family of products and services. [1] at ¶ 5. SIE and SIE Inc. manufacture, produce, market, advertise, offer for sale and sell a wide variety of products using the famous

trademarks, including video games consoles, video games, peripheral accessories, and related consumer goods (collectively, "Genuine PlayStation® Products"). *Id.*

SIE and SIE Inc. are the owners of many famous and distinctive trademarks and work together to register and protect those trademarks. *Id*. at ¶ 8. Many of the famous PLAYSTATION trademarks are the subject of valid and subsisting trademark registrations on the Principal Register of the United States Patent and Trademark Office, including U.S. Reg. No. 5,748,316 for  (the "PLAYSTATION Trademark"). *Id.* The U.S. registration for the PLAYSTATION Trademark is valid, subsisting, in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065. *Id.* at ¶ 10; *see* the Declaration of Rachel S. Miller (the "Miller Decl.") at ¶ 2.

PlayStation® Products bearing the PLAYSTATION Trademark have become exceptionally popular, driven by Plaintiff and SIE Inc.'s arduous quality standards and distinctive designs. Among the purchasing public, genuine PlayStation® Products are instantly recognizable as such. "Few features have defined the PlayStation brand as much as its controllers[,]" states Den of Geek magazine. Miller Decl. at ¶ 4. The PlayStation® controller, with "[i]ts parallel thumbsticks, shoulder buttons, and symbol-clad buttons ha[s] become iconic" according to Business Insider. *Id*. at ¶ 5. Since its debut in 1994, PlayStation® controllers have four buttons, each button having its own distinctive symbol: Δ, O, X, and ☐, as in Figure 1 below. *Id*. at ¶ 3.



*Figure 1*

Genuine PlayStation® Products bearing the bearing the PLAYSTATION Trademark are distributed and sold to consumers through authorized retail channels throughout the United States, including Illinois. [1] at 18. Genuine PlayStation® Products are also distributed and sold through Plaintiff's website and other online authorized retailers like Amazon (Amazon.com). *Id.*

**B. Defendant's Unlawful Acts**

Defendant operates a fully interactive e-commerce store on the e-commerce platform hosted by Amazon, under at least the seller alias Finduat. Miller Decl. at ¶ 6. Defendant advertised, offered for sale, and sold products using counterfeit reproductions of the PLAYSTATION Trademark on a near identical copy of the PlayStation® 4 DualShock video game controller as a keychain (the "Unauthorized Product"). *Id.*; *see* Figure 2.




*Figure 1*

**<u>ARGUMENT</u>**

**I. DEFENDANT'S FAILURE TO STATE A CLAIM ARGUMENT FAILS**

**A. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The movant bears the burden establishing a complaint is insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). The Court construes the Complaint in the light most favorable to Plaintiff, accepts the allegations as true, and makes all inferences in Plaintiff's favor. *Hernandez v. Illinois Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). Rule 8(a)(2)'s notice pleading standard only requires a short and plain statement of the claim to give Defendant fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555; *see also Pit Viper, LLC v. P'ships, et al.*, No. 23-cv-03609 (N.D. Ill. Sept. 20, 2023) (Dkt. No. 73) (unpublished) (Kennelly, J.) (denying motion to dismiss based on Fed. R. Civ. P. 12(b)(6)).

**B. Plaintiff's Complaint Sufficiently Alleges Claims for Federal Trademark Infringement and Counterfeiting (Count I) and False Designation of Origin (Count II)**

To state a claim for trademark infringement and counterfeiting, the Complaint must plead (1) Plaintiff's marks are protectable, and (2) Defendants' unauthorized use of the marks is likely to cause confusion among consumers. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim - *i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). Likelihood of confusion is a fact-intensive analysis that is generally improper to resolve on a motion to dismiss, and "best left for decision after discovery." *Top Tobacco v. Fantasia Distribution Inc.*, 101 F. Supp. 3d 783, 790 (N.D. Ill. 2015).

Both Count I and Count II of Plaintiff's Complaint share elements that are satisfied by the same underlying facts, including a requirement to identify the trademarks at issue ([1] at ¶¶ 8-10), unauthorized use in commerce of infringing and/or counterfeit trademarks ([1] at ¶¶ 21-31) and that such unauthorized use is likely to cause confusion ([1] at ¶ 32). *See also Eagle Forum v.*

*Phyllis Schlafly's Am. Eagles*, 451 F. Supp. 3d 910, 918-19 (S.D. Ill. 2020) (setting forth the elements under both 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)).

First, the Complaint alleged that SIE and SIE Inc. are the exclusive owners of the PLAYSTATION trademarks, including Reg. No. 5,748,316, which are the subject of valid and subsisting trademark registrations on the Principal Register of the United States Patent and Trademark Office. [1] at ¶¶ 8-10. The "registration of a trademark creates a rebuttable presumption of validity that puts the initial burden of proof on the party seeking to invalidate the registered mark." *Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, No. 17 C 5540, 2019 U.S. Dist. LEXIS 74469, at *15 (N.D. Ill. May 2, 2019) (citing *Georgia-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011)).

Defendant argues, without any evidence, that Reg. No. 5,748,316 is functional. [48] at 3. However, "functionality is a factual determination, not a legal one and consequently, should be determined by the fact-finder and not by the court on a motion to dismiss." *Decor Grates, Inc. v. Fararo*, 1995 U.S. Dist. LEXIS 13435, at *21 n.3 (N.D. Ill. Sep. 8, 1995); *Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, 2015 U.S. Dist. LEXIS 199852 at *3 (N.D. Ill. Mar. 13, 2015) ("[F]unctionality is typically a question of fact [. . .] and inappropriate for resolution at the pleadings stage."). A motion to dismiss is not an appropriate vehicle to determine trademark functionality, especially without evidence, and Defendant's argument fails for this reason.

Further, the Seventh Circuit has repeatedly held that a defendant must produce "strong evidence of functionality" to shift the burden of production and overcome the presumption of validity attached to a registered trademark. *Ga.-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d at 727 (reviewing determination of functionality on summary judgment). "[I]n the Seventh Circuit, functionality is an affirmative defense, and therefore the defendant has the

burden of proof." *Decor Grates, Inc*., 1995 U.S. Dist. LEXIS 13435, at *21. Defendant's Motion merely states an unsupported conclusion on functionality that "[t]he arrangement of symbols (△ □ ○ ×) on a controller is functional — it identifies specific gameplay inputs." [48] at 3. Defendant's Response fails to provide any evidence in support of its assertions. *Id*. As such, Defendant has failed to meet its burden or rebut the presumption of validity. Accordingly, Plaintiff's Complaint adequately pleaded the first element.

Regarding the second element, "[b]ecause the likelihood of confusion test is a fact-intensive analysis, it ordinarily does not lend itself to a motion to dismiss. Thus, the court's role at the motion to dismiss stage is limited to assessing whether [plaintiff] has pleaded facts that plausibly could result in a successful outcome on the likelihood of confusion element of its claim." *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 715 (N.D. Ill. 2014) (internal citations and quotation marks omitted). Schedule A to the Complaint [2] lists Defendant's Amazon Store by Amazon account name and URL at line 13. Plaintiff has alleged that Defendant has sold, offered to sell, marketed, distributed, and advertised products using infringing reproductions of the PLAYSTATION Trademarks, Defendant has knowledge of Plaintiff's rights in the PLAYSTATION Trademarks, Defendant is not authorized to use the PLAYSTATION Trademarks, and Defendant's use of the PLAYSTATION Trademarks causes a likelihood of confusion. [1] at ¶¶ 21-32. As such, Plaintiff has properly pled that Defendant's conduct is likely to cause confusion.

Plaintiff's Complaint satisfies the Federal Rules of Civil Procedure's notice pleading standard because Defendant has "fair notice" of Plaintiff's trademark counterfeiting and infringement and false designation of origin claims. *See Twombly*, 550 U.S. at 555; s*ee also, Interfocus Inc. v. The Defendants Identified in Schedule A, et al.*, N.D. Ill. 22-cv-2259 (Nov. 7, 2022) (Dkt. No. 43) (unpublished) (Seeger, J.) (denying motion to dismiss based on Fed. R. Civ.

P 12(b)(6)); *Pit Viper, LLC v. P'ships, et al.*, No. 23-cv-03609 (N.D. Ill. Sept. 20, 2023) (Dkt. No. 73) (unpublished) (Kennelly, J.) (same).

## II. JOINDER IS PROPER

### A. A Motion to Dismiss is an Improper Means to Challenge Permissive Joinder

Misjoinder is not a ground for dismissal, Fed. R. Civ. P. 21, and may not be raised by a motion to dismiss. *United States v. E I. du Pont de Nemours & Co.*, 13 F.R.D. 490, 493 (N.D. Ill. 1953); *see also Roadget Bus. Pte. Ltd. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 119991, at *19 (N.D. Ill. July 9, 2024) (Jenkins, J.). As such, Defendant's request that this case be dismissed for misjoinder must be denied. Regardless, Defendant was properly joined.

### B. Joinder Under Fed. R. Civ. P. 20 is Proper

Rule 20 provides that "Defendants ... may be joined in one action as defendants if: (A) any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Joinder of Defendants is proper because Rule 20's inclusion of "occurrence" allows Plaintiff to join defendants who participate in reasonably related unlawful occurrences in a single case. *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 517 (N.D. Ill. 2020). Rule 20 does not define "occurrence" and courts have not considered the meaning of "occurrence" apart from the meaning of "transaction." *Id.* at 516. Without an objective basis to define occurrence or series of occurrences, "the proper analysis is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Id.* at 513. The well-pleaded allegations in Plaintiff's Complaint establish Defendants are working in a similar manner and during the same time period to sell unauthorized products, as part of the same "occurrence" or "series of ... occurrences" of mass harm, *i.e.*, the swarm of all Defendants attacking Plaintiff's intellectual property at once. *Id*. at 516; *See* [1] at ¶¶

3, 28, 31. "This common, surreptitious conduct is the 'defining aspect of the harm' alleged by [Plaintiff] and creates a logical relationship among the parties and claims in the case." *Neman Bros. & Assocs., Inc. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024) (Tharp, J.). For these reasons, joinder of Defendant is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion [48].

Dated this 16th day of June 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*