**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SONY INTERACTIVE ENTERTAINMENT LLC,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.

_____________________________________/

Case No. 1:26-cv-04430
Judge Thomas M. Durkin
Magistrate Judge Laura K. McNally

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Finduat ("Defendant"), by and through undersigned counsel, respectfully submits this Reply in Support of its Motion to Dismiss for Failure to State a Claim and Improper Joinder [48] (the "Motion"). Plaintiff's Response in Opposition [56] (the "Response") fails to address critical deficiencies in the Complaint and largely rests on premature factual arguments inappropriate at the pleading stage. The Motion should be granted.

**I. PLAINTIFF FAILS TO REBUT THAT ITS REGISTERED MARK DOES NOT COVER DEFENDANT'S NOVELTY KEYCHAIN PRODUCTS**

Plaintiff's Response is notably silent on Defendant's core argument that the asserted PLAYSTATION Trademark (U.S. Reg. No. 5,748,316) is registered only for hand-held games, video game consoles, game controllers, and accessories exclusively used with such hardware—

not for ornamental novelty keychain pendants or party favors. (See MTD at 2-3; Complaint, Exhibit 1 (goods identification).)

Defendant's product is a low-cost silicone keychain pendant marketed explicitly as a party favor, bearing no functional connection to actual gaming hardware. Plaintiff offers no response to this fundamental mismatch in goods. This omission is fatal at the pleading stage. A trademark registration's scope is limited to the goods identified in the registration. See, e.g., 15 U.S.C. § 1114; *Packman v. Chicago Tribune Co*., 267 F.3d 628, 639-40 (7th Cir. 2001) (trademark rights do not extend beyond the registered goods). Plaintiff cannot expand its registration through litigation to cover unrelated novelty items.

By failing to address this point, Plaintiff concedes that its Complaint does not plausibly allege trademark use in connection with goods covered by the registration. This alone warrants dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FUNCTIONALITY BARS PROTECTION AND IS PROPERLY RAISED ON A MOTION TO DISMISS

Plaintiff argues functionality is a factual issue unsuitable for resolution on a motion to dismiss. (Response at 4-5.) This misstates the law. While functionality often involves evidence, courts routinely dismiss claims at the pleading stage where the complaint (and attached exhibits) demonstrate that the asserted feature is functional. See, e.g., *TrafFix Devices, Inc. v. Marketing Displays, Inc*., 532 U.S. 23, 29-30 (2001) (functionality doctrine prevents trademark protection for essential product features).

Here, the Complaint itself identifies the mark as the stylized arrangement of symbols (△ □ ○ ×) on a controller—the very buttons that identify gameplay inputs. (Complaint ¶¶ 8-10 &

Figure 1.) Defendant's keychain is a non-functional ornamental replica of that layout. Plaintiff's bald assertion of validity does not overcome the functionality bar apparent on the face of the pleadings and registration. The presumption of validity is rebuttable, and Defendant has adequately raised the defense. *See Georgia-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011).

**III. NO PLAUSIBLE LIKELIHOOD OF CONFUSION**

Plaintiff's reliance on general allegations of confusion (Response at 5-6) is insufficient. The Polaroid factors (adapted in this Circuit) weigh heavily against confusion: Defendant's $1.29 silicone party-favor keychains are vastly dissimilar in price, quality, and purpose from genuine PlayStation controllers. No reasonable consumer would believe a cheap novelty pendant is sponsored by or affiliated with Sony. Plaintiff cites no authority suggesting otherwise at the pleading stage, and the Complaint alleges no facts supporting actual or likely confusion specific to Defendant's product.

**IV. MISJOINDER REQUIRES DISMISSAL OR SEVERANCE**

Plaintiff's joinder arguments (Response at 6-8) repeat boilerplate from other Schedule A cases but ignore the lack of any allegation that Defendant acted in concert with the hundreds of other unrelated Amazon sellers. There is no "same transaction or occurrence" under Rule 20(a)(2). Mass joinder here is improper and inefficient.

**CONCLUSION**

For the foregoing reasons, and those set forth in the Motion, Defendant respectfully requests that the Court grant the Motion and dismiss all claims against Defendant with prejudice.

In the alternative, dismiss without prejudice. Defendant further requests such other relief as the Court deems just and proper.

Dated: June 17, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Attorney for Defendant Finduat

**Certificate of Service**

I hereby certify that on June 17, 2026, the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu